2411-CC01504

Electronically Filed - St Charles Circuit Div - December 16, 2024 - 03:28 PM

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
STATE OF MISSOURI

| | |
|---|---|
| ROMO MARTINEZ, )<br>)<br>      Plaintiff, )<br>vs. )<br>)<br>MENARD, INC. )<br>**Serve: CSC-Lawyers Incorporating** )<br>    **Service Company, 221 Bolivar Street,** )<br>    **Jefferson City, MO 65101** )<br>)<br>      Defendant. )<br>) | Cause No:<br><br>Division: |

## PETITION

COMES NOW Plaintiff Romo Martinez and for his causes of action against Defendant Menard, Inc., alleges as follows:

1. Plaintiff Romo Martinez ("Plaintiff") is an individual citizen and resident of the State of Missouri.

2. Defendant Menard, Inc. ("Defendant Menard") is a corporation organized and existing under the laws of the State of Wisconsin and registered to do business, and doing business, in the State of Missouri, with a registered agent appointed to accept service of process in the State of Missouri.

3. The Court has jurisdiction over the matter in that Defendant Menard can be found and served in the State of Missouri.

4. Venue is proper in that the petition alleges a tort and Plaintiff was first injured in St. Charles County, Missouri.

5. Upon information and belief, Defendant Menard is the owner and operator of Menards, a home improvement store located at 151 Spencer Road, St. Peters, MO 63376 (the "Store").

6. Defendant Menard, acting by and through its employees and agents, is responsible for inspecting, maintaining, and repairing the Store and the property on which the Store sits, including but not limited to the parking lots, walkways, sidewalks, and lumber yard outside the store, and ensuring that all such areas are in good condition and repair and otherwise safe for use by guests of the store.

7. Prior to February 13, 2020, rain, freezing rain, snow, and/or ice collected on the parking lots, walkways, and sidewalks and lumber yard surrounding the Store.

8. On the afternoon of February 13, 2020, Plaintiff arrived at the Store, made a purchase inside the Store, and then proceeded to the lumber yard to pick up the product. After having his receipt verified at the gate, he drove into the lumber yard. Although the lot had been plowed, Plaintiff was unable to see the black ice on the ground (the "Dangerous Condition").

9. As he stepped out of his vehicle, he slipped on the Dangerous Condition that had not been removed from the walkway, causing him to strike the ground with substantial force and thereby suffer significant personal injuries.

10. Plaintiff did not see and could not see the ice on the parking lot prior to falling on the same.

11. Defendant Menard, by and through its employees and agents, owed a duty to exercise and ordinary degree of care to keep its premises safe and in conformance with all applicable laws, rules, requirements, and standards governing premises safety.

12. Defendant Menard knew or, with the exercise of ordinary care, should have known of the Dangerous Condition, that invitees would come into contact with the Dangerous Condition, and that the Dangerous Condition would cause harm to those invitees, such as Plaintiff, of the type suffered by Plaintiff.

13. While, prior to the incident alleged herein, other areas of the Store were cleared of snow and ice, the Dangerous Condition was not cleared.

17. Defendant Menard breached its duty of care owed to Plaintiff and was thereby negligent, in that:

    a. Defendant Menard carelessly and negligently failed to clear the parking lots, sidewalks, and the walkway of the lumbar yard at the store at issue of ice and/or otherwise remove and eliminate the Dangerous Condition;

    b. Defendant Menard carelessly and negligently failed to block-off, rope-off, or otherwise barricade the dangerous condition, to keep invitees, such as Plaintiff, from the Dangerous Condition;

    c. Defendant Menard carelessly and negligently failed to place cones, signs, and/or otherwise provide warnings of the Dangerous Condition to invitees, such as Plaintiff; and

    d. Defendant Menard carelessly and negligently failed to warn plaintiff of the Dangerous Condition and/or direct invitees, such as Plaintiff, to an alternative route to obtain their product from the lumber yard.

18. As a direct and proximate result of the negligence and carelessness of Defendant Menard, Plaintiff sustained the following damages:

    a. Plaintiff sustained serious and permanent physical injuries to his right ankle that have required and will in the future continue to require medical care and treatment;

    b. Plaintiff suffered, suffers and will, in the future, continue to suffer physical pain and mental anguish;

    c. Plaintiff's body has been, is, and will, in the future, continue to be limited, impaired and diminished because the physical injuries described above are permanent and progressive;

    d. Plaintiff has suffered and will, in the future, continue to suffer a loss of capacity to enjoy life due to his injuries and his physical impairment; and

    e. Plaintiff has incurred medical expenses for medicines, surgical procedures, doctors, x-rays, medical institutions, chiropractors, physical therapy, prescriptions, and other treatment and care, and in the future will be required to expend additional sums for the same, the exact amount of which cannot be definitely ascertained at this time.

WHEREFORE, Plaintiff Romo Martinez prays for judgment against Defendant Menard for a fair and reasonable sum in excess of TWENTY-FIVE THOUSAND DOLLARS, ($25,000.00), together with his costs expended herein and post-judgment interest, and for such other and further relief as the Court deems just and proper based on the above-alleged facts.

COFMAN TOWNSLEY, LLP

BY:   */s/ Derek Thrasher*
　　　Derek S. Thrasher   #62686
　　　7701 Clayton Road
　　　St. Louis, Missouri 63117
　　　314.621.2005
　　　314.621.3118 (facsimile)
　　　dthrasher@cofmantownsley.com

　　　*Attorneys for Plaintiff*